UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
U.S.A. FAMOUS ORIGINAL RAY'S LICENSING
CORP.,

                    Plaintiff,

-against-

RAY'S PIZZA BAR INC. d/b/a RAY'S PIZZA BAR and
JOHN DOES "1" through "5" and XYZ COMPANIES "A"
through "C", said names being fictitious and unknown to
Plaintiff, the persons, parties or entities intended being
individuals or entities who have aided, abetted or conspired
with the defendants identified herein and/or are the
successors in interest to those defendants,

                    Defendants.
---------------------------------X

Civil Action No. 1:23-cv-09656

**COMPLAINT**

Jury Trial Demanded

Plaintiff U.S.A. Famous Original Ray's Licensing Corp., by its attorney Ruskin Moscou Faltischek, P.C., as and for its complaint against the above-named defendants, alleges as follows:

**THE PARTIES**

1. Plaintiff U.S.A. Famous Original Ray's Licensing Corp. ("Ray's" or "Plaintiff") is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business located at 65-18 Myrtle Avenue, Glendale, NY 11385.

2. Upon information and belief, defendant Ray's Pizza Bar Inc. d/b/a Ray's Pizza Bar ("RPB") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 2048 Amsterdam Avenue, New York, NY 10032.

3. Plaintiff asserts claims against defendants John Does "1" through "5," and XYZ Companies "A" through "C", such names being fictitious and intended to refer to individuals and entities currently unknown and believed to have aided, abetted and conspired with the defendants identified herein to violate Plaintiff's rights and/or are the successors in interest to those

defendants. RPB and John Does "1" through "5", and XYZ Companies "A" through "C" are collectively referred to herein as "Defendants."

4. Upon information and belief, defendants John Does "1" through "5" each are individuals residing in New York, and have actively aided, abetted and conspired with RPB to violate Plaintiff's rights as further alleged herein or are the successors in interest to RPB.

5. Upon information and belief, defendants XYZ Companies "A" through "C" each are entities currently unknown and believed to have been organized under the laws of the State of New York, and each of which is known and believed to have aided, abetted and conspired with RPB to violate Plaintiff's rights as further alleged herein or are the successors in interest to RPB.

## JURISDICTION AND VENUE

6. The Court has federal question jurisdiction over this case pursuant to sections 1331 and 1338(a) of Title 28 of the U.S. Code, as the federal courts have original federal jurisdiction over Ray's Lanham Act claims against Defendants. The Court has supplemental jurisdiction over this case pursuant to section 1367(a) of Title 28 of the U.S. Code, as Ray's pendent state law claims are so related to its claims within the Court's original jurisdiction so as to form part of the same case or controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in the Southern District of New York.

## NATURE OF CASE

8. This case arises out of Defendants' unauthorized use of Ray's long-standing family of trademarks in connection with its restaurant business and services.

9. Despite Ray's request to cease and desist from this trademark infringement, Defendants continue to use Ray's trademarks in order to promote their own restaurant business.

This deceptive and misleading conduct constitutes unlawful infringement of a registered mark, false advertising, and false designation of origin and dilution, all in violation of the Lanham Act (15 U.S.C. § 1125). In addition, Defendants' wrongful conduct and unauthorized use of Ray's trademarks constitutes unfair competition under the common law of New York, deceptive acts and practices in violation of § 349 of the New York General Business Law, false advertising in violation of § 350-a of the New York General Business Law, and injury to business reputation in violation of § 360-l of the General Business Law.

10. Ray's now seeks, among other things, injunctive relief, preventing Defendants' misuse of Ray's trademarks, along with compensatory damages, exemplary damages and attorney's fees. Absent the requested injunctive relief, plaintiff Ray's goodwill, customer base, market share and invaluable interest in the Ray's family of trademarks will be damaged.

## BACKGROUND FACTS

11. Ray's is engaged in the licensing of and operation of Italian style restaurants that sell pizza and Italian food specialties.

12. Restaurants licensed and/or owned by Ray's and its predecessors in interest have continuously operated and existed for over forty-five (45) years.

13. Ray's owns a family of registered trademarks incorporating the word RAY'S for restaurant services, including the following:

    (A)    RAY'S PIZZA (U.S. Registration No. 2196832);

    (B)    FAMOUS RAY'S PIZZA (U.S. Registration No. 2196830);

    (C)    FAMOUS ORIGINAL RAY'S PIZZA (U.S. Registration No. 1918484);

    (D)    FAMOUS ORIGINAL RAY'S PIZZA EST. 1964 (logo) (U.S. Registration No. 1918483); and

3

(E)  RAY'S FAMOUS ORIGINAL RAY'S PIZZA (crown logo) (U.S. Registration No. 3675202).

14. The aforesaid registered trademarks and logos are collectively referenced herein as the "RAY'S Marks."

15. For more than forty-five (45) years, Ray's and its predecessors in interest have successfully exploited the RAY'S Marks, extensively advertising and promoting those trademarks, and have achieved substantial commercial success in association with the RAY'S Marks and caused customers and the general public to associate quality restaurant services with the RAY'S Marks.

16. Ray's currently licenses and/or owns and operates restaurants using the RAY'S Marks in New York City.

17. By reason of the foregoing, Ray's has developed and owns valuable goodwill associated with the use of the RAY'S Marks in the United States.

18. Ray's utilizes the RAY'S Marks in connection with, among other things, its restaurants and the restaurant services that it provides.

19. The RAY'S Marks are of great commercial value and rank among Ray's most valuable assets.

20. The RAY'S Marks are distinctive and widely understood to signify the services provided and sold by Ray's.

21. In accordance with the provisions of the Lanham Act, Ray's has registered the RAY'S Marks with the United States Patent and Trademark Office and is the owner of the United States Registrations in the RAY'S Marks for restaurant services. Copies of these Registrations are annexed hereto and incorporated herein as Exhibit "A".

22. These Registrations constitute *prima facie* evidence of Ray's ownership of the RAY'S Marks for restaurant services and Ray's exclusive right to use these Marks, or any mark confusingly similar thereto, in association with restaurant services.

23. Upon information and belief, Defendants are operating a restaurant at 2048 Amsterdam Avenue, New York, NY 10032.

24. Defendants are using the RAY'S Marks without consent or authorization from Ray's, in connection with their own restaurant business and services in New York, New York.

25. All of the acts of Defendants that are alleged herein are without the license, permission, authorization or consent of Ray's.

26. These acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm to Ray's and to the valuable goodwill associated with the RAY'S Marks.

27. The "RAY'S PIZZA BAR" mark used by Defendants is confusingly similar to Ray's federally registered marks.

28. Defendants' use of the mark and name "RAY'S PIZZA BAR" for its restaurant and restaurant services constitutes a false designation of origin in view of Ray's prior use and registration of the distinctive RAY'S Marks.

29. Ray's has notified RPB that RPB's use infringes on Ray's valuable trademark rights, and demanded that RPB terminate all use of the "RAY'S PIZZA BAR" mark and name.

30. Despite having received actual notice of Ray's claim of infringement, RPB has failed and willfully refused to cease using RAY'S PIZZA BAR and has continued its infringing conduct.

31. By reason of the facts alleged herein, Defendants are infringing on Ray's valuable trademark rights in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

32. Plaintiff's remedy at law is not adequate to compensate it for the injury threatened by Defendants' continuing infringement of the RAY'S Marks.

### FIRST CLAIM FOR RELIEF

**Federal Trademark Infringement**
**(Violation of Section 43(a) of the Lanham Act)**

33. Ray's repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully hereat.

34. The RAY'S Marks are distinctive and widely understood to signify the goods and services provided and sold by Ray's.

35. Defendants' unauthorized use of the RAY'S Marks in connection with its restaurant business and services is likely to cause confusion, mistake and deception as to the origin, sponsorship, endorsement or approval of its goods or services by Ray's.

36. Defendants' unauthorized use and promotion of the RAY'S Marks is with the knowledge and intent that such use and imitation of Ray's registered trademarks will deceive and cause confusion, or mistake, all resulting in damage to Ray's.

37. Defendants' unauthorized use of the RAY'S Marks in connection with its restaurant business or services infringes on Ray's rights as the registered owner of the RAY'S Marks in violation of Section 43(a) of the Lanham Act.

38. Defendants' aforesaid conduct constitutes false advertising, infringement and unfair competition in violation of Section 43(a) of the Lanham Act.

39. By reason of the foregoing, plaintiff Ray's has sustained damages in an amount to be determined at trial and now estimated to exceed $250,000.00.

40. By reason of the foregoing, plaintiff Ray's is entitled to injunctive relief preventing and restraining Defendants and those acting on their behalf or in concert with them, from infringing upon the RAY'S Marks and using the RAY'S Marks to compete unfairly with Ray's.

41. Defendants' conduct is causing Ray's irreparable harm for which Ray's has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**False Designation of Origin and
Dilution Under the Lanham Act
(Lanham Act Section 43 (15 U.S.C. § 1125)**

42. Ray's repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth hereat.

43. Ray's is the owner of famous marks that have become known to the consuming public as representing uniform standards of quality and reliability and have achieved and become associated with valuable goodwill.

44. By reason of the foregoing acts of Defendants as alleged herein, Defendants have falsely described, represented and designated the origin of the services and/or goods they supply.

45. Defendants have knowingly and willfully infringed on Ray's registered marks with the bad faith intent to profit from the use of those marks.

46. Defendants' wrongful conduct has already caused confusion and is likely to cause greater confusion among the consuming public, and has already deceived customers and is likely

to continue to deceive the consuming public concerning the source of the services and/or goods provided by Defendants, and has or may cause dilution of the RAY'S Marks.

47. By reason of the foregoing acts of Defendants, Ray's has been damaged, and said acts, unless restrained, will continue to cause greater damage to Ray's in the future.

48. By reason of the foregoing, plaintiff Ray's has sustained damages in an amount to be determined at trial and now estimated to exceed $250,000.00.

49. By reason of the foregoing, plaintiff Ray's is entitled to injunctive relief preventing and restraining Defendants and those acting on their behalf or in concert with them, from infringing upon the RAY'S Marks and using the RAY'S Marks to compete unfairly with Ray's.

50. Defendants' conduct is causing Ray's irreparable harm for which Ray's has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Deceptive Trade Practices
### (Violation of Section 349 of the New York General Business Law)

51. Ray's repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully hereat.

52. Defendants have in the past, and continue through the present to materially mislead consumers into falsely believing that Defendants' restaurant business is authorized by or affiliated with Ray's or Ray's restaurant services.

53. Defendants are further deceiving and materially misleading consumers through their false advertising and by providing or planning to provide services under the RAY'S Marks.

54. As a result of Defendants' deceptive business practices, Ray's has been injured by lost sales, loss of profits, loss of future profits, loss of customers, injury to its customer goodwill, loss of market share, and damage to its business reputation.

55. Defendants' aforesaid conduct constitutes a violation of Section 349 of the New York General Business Law prohibiting deceptive acts and practices.

56. As a result of the foregoing, Ray's has been damaged in an amount to be determined at trial and now estimated to exceed $250,000.00.

57. As a result of the foregoing, Ray's is further entitled to injunctive relief, preventing and restraining Defendants and all those acting on their behalf or in concert with them, from further violations of Section 349 of the New York General Business Law.

58. Defendants' conduct is causing Ray's irreparable harm for which Ray's has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### False Advertising
### (Violation of § 350-a of the New York General Business Law)

59. Ray's repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully hereat.

60. Defendants have advertised their business, and continue to do so, intentionally misleading the public in material respects and failing to reveal material facts creating the false impression that they are associated with or approved by Ray's, causing injury to both the public and Ray's.

61. As a result of the foregoing, Ray's has been damaged in an amount to be determined at trial and now estimated to exceed $250,000.00.

62. As a result of the foregoing, Ray's is further entitled to injunctive relief, preventing and restraining Defendants and all those acting on their behalf or in concert with them, from further violations of Section 350-a of the New York General Business Law.

63. Defendants' conduct is causing Ray's irreparable harm for which Ray's has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Violation of Anti-Dilution Statute
### (Violation of Section 360-l of the New York General Business Law)

64. Ray's repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully hereat.

65. The RAY'S Marks are distinctive. Defendants' use of the RAY'S Marks in connection with restaurant services creates a likelihood of dilution as a result of blurring or tarnishment. Upon information and belief, Defendants' actions were committed with predatory intent.

66. Defendants' acts have already caused and/or are creating a substantial likelihood of injury to the business reputation of Ray's and the dilution of the distinctive quality of its registered marks, all to the detriment and damage of Ray's.

67. As a result of the foregoing, Ray's has been damaged in an amount to be determined at trial and now estimated to exceed $250,000.00.

68. As a result of the foregoing, Ray's is further entitled to injunctive relief, preventing and restraining Defendants and all those acting on their behalf or in concert with them, from further violations of Section 360-l of the New York General Business Law.

69. Defendants' conduct is causing Ray's irreparable harm for which Ray's has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Common Law Unfair Competition

70. Ray's repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully hereat.

71. As a result of Defendants' actions as set forth above, Defendants have infringed on and misappropriated Ray's valuable trademark rights and/or are trading on the goodwill symbolized by the RAY'S Marks, and are likely to cause and continue to cause confusion and to deceive members of the relevant public.

72. Defendants have unlawfully used the RAY'S Marks, which use has created a likelihood of confusion and mistake on the part of the public as to the source or origin of the services provided by Defendants.

73. Defendants' actions have caused, and are likely to continue to cause, Ray's customers to be misled into believing that Defendants are licensed by, sponsored by, associated with, or connected with Ray's.

74. By virtue of its aforementioned acts, Defendants have acted in bad faith and have engaged in common law unfair competition with respect to Ray's.

75. By reason of the foregoing, Plaintiff Ray's has sustained damages in an amount to be determined at trial and now estimated to exceed $250,000.00.

76. By reason of the foregoing, Ray's is entitled to injunctive relief restraining and preventing Defendants and those acting on their behalf or acting in concert with them.

77. Defendants' conduct is causing Ray's irreparable harm for which Ray's has no adequate remedy at law.

## JURY TRIAL DEMANDED

Ray's demands a jury trial in this case.

WHEREFORE, plaintiff U.S.A. Famous Original Ray's Licensing Corp. respectfully requests that this Court enter judgment in favor of Ray's and granting Ray's the following relief:

1. That Defendants and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

    (a) Using the RAY'S Marks or any other names or marks confusingly similar to the RAY'S Marks in connection with restaurant or related businesses or services;

    (b) Using the RAY'S Marks or any other confusingly similar marks or names as part of any business name or as a service mark, trademark, trade name or part thereof, alone or in combination with other words, symbols, styles, titles or marks in connection with any restaurant or related businesses or services, including, but not limited to, use on signage, advertising, menus, packaging websites or domain names;

    (c) Performing any act or displaying any words, names, trade dress or marks which are likely to cause confusion, to cause mistake or deceive, or otherwise mislead the public into believing that Defendants and Ray's are one and the same, are in some way affiliated, associated or connected, or that Ray's is a sponsor of Defendants or their restaurant, or that Defendants are in some way licensed, affiliated, associated with or under the supervision or control of Ray's, or that the goods or services of

        Defendants originate from or are approved by Ray's, or which are likely in any way to lead the public to associate Defendants with Ray's;

    (d)    Doing any other act or thing likely to cause confusion with regard to the RAY'S Marks; and

    (e)    Unfairly competing with Ray's in any other manner whatsoever;

2. That, pursuant to 15 U.S.C. §1118, Defendants be ordered to deliver up for destruction all signage, packaging, promotional material, menus, pizza boxes, bags, catalogues, print fliers, brochures, labels, wrappers and all other matter used for distribution or marketing of goods or services using the RAY'S Marks;

3. That Ray's be awarded monetary relief in an amount to be determined at trial, including:

    (a)    All profits received by Defendants from sales and revenues of any kind in connection with the provision of restaurant or related services under the RAY'S Marks;

    (b)    All damages sustained by Ray's as a result of Defendants' acts of infringement and unfair competition; and

    (c)    The costs of bringing this action, including reasonable attorneys fees, as well as treble and/or exemplary damages pursuant to 15 U.S.C. § 1117 and all other applicable laws and statutes;

4. That Defendants be ordered to compensate Ray's in an amount that would enable Ray's to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Defendants' unlawful actions;

5. That, pursuant to 15 U.S.C. §1116, Defendants be directed to file with the Court

and serve upon Ray's within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. Damages in an amount to be determined at trial and now estimated to exceed $250,000.00; and

7. Such other and further relief as the Court may deem just, appropriate and equitable, including attorney's fees and the costs and expenses of this action.

Dated: Uniondale, New York
November 2, 2023

        RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
    Jonathan C. Sullivan
    John A. DeMaro
    *Attorney for Plaintiff*
    East Tower, 15th Floor
    1425 RXR Plaza
    Uniondale, New York 11556-1425
    (516) 663-6600

To: RAY'S PIZZA BAR INC.
    2048 Amsterdam Avenue
    New York, NY 10032